IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00441-WJM-NRN

LAKEN STRATTON,

Plaintiff,

v.

BUREAU OF LAND MANAGEMENT,
STEPHEN LEONARD,

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION
(Dkt. #8)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before me pursuant to an Order (Dkt. #17) issued by Judge William J. Martinez referring Defendants Bureau of Land Management ("BLM") and Stephen Leonard's (collectively, "Defendants") Motion to Dismiss for Lack of Jurisdiction. (Dkt. #8.) Plaintiff Laken Stratton, proceeding pro se,[1] did not file a response, but the Court

---

[1] Because Ms. Laken proceeds pro se, the Court "review[s her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for

heard oral argument from the parties on May 17, 2022. (*See* Dkt. #20.) Now, being fully informed and for the reasons discussed below, it is hereby **RECOMMENDED** that the subject motion (Dkt. #8) be **GRANTED**.

## BACKGROUND

Ms. Stratton originally filed suit in state court in Elbert County, Colorado against the BLM "with Stephen Leonard as acting agent.". (Dkt. #2.) Her Complaint for Foreclosure on Agistor's Lien ("Complaint") was filed on the prescribed state court form for an action brought pursuant to Colo. Rev. Stat. § 38-20-205. Under Colorado law, "[a]ny person to whom livestock are entrusted by their owner for feeding, herding, pasturing, keeping, ranching, or boarding or providing medical care has an 'agistor's lien' on the livestock to secure the amounts due, together with the costs of enforcing the lien, including attorneys' fees." *Agricultural liens*, 3 Colo. Prac., Methods of Practice § 90:50 (6th ed.) (citing Colo. Rev. Stat. §§ 38-20-202, 38-20-203). Ms. Laken asserts a $2,382 lien related to services and care of a horse that is owned by the BLM.

Defendants removed the case to federal court pursuant to pursuant to 28 U.S.C. § 1442(a)(1) on February 18, 2022. (Dkt. #1.) The subject motion to dismiss followed on March 1, 2022. Defendants argue that the federal government has not waived sovereign immunity for private liens against federal property or for the foreclosure of such liens.

## ANALYSIS

The Federal Rules of Civil Procedure instruct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

---

the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle her to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

matter, the court shall dismiss the action." Fed. R. Civ. 12(h)(3); *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). "The party invoking jurisdiction of the court has the duty to establish that federal jurisdiction does exist, but since the courts of the United States are court of limited jurisdiction, there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (quoting *Wilshire Oil Co. of Tex. v. Riffe*, 409 F.2d 1277 (10th Cir. 1969) and *City of Lawton, Okla. v. Chapman*, 257 F.2d 601 (10th Cir. 1958)). Thus, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co. 24*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Pursuant to Rule 12(b)(1), a party may bring either a facial or factual attack on subject matter jurisdiction, and a court must dismiss a complaint if it lacks subject matter jurisdiction. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). For a facial attack the court takes the allegations in the complaint as true; for a factual attack, the court may not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)).

Defendants mount a facial attack to the Complaint, arguing that the Court does not have subject matter jurisdiction over Ms. Stratton's claim because the United States

3

has not waived sovereign immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Sovereign immunity is a jurisdictional bar to suit. *Fed. Dep. Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted), and the plaintiff bears the burden of establishing that sovereign immunity has been waived. *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

Defendants raise the sovereign immunity defense by way of the doctrine of derivative jurisdiction. "Jurisdiction on removal is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction." *Crow v. Wyo. Timber Prod. Co.*, 424 F.2d 93, 96 (10th Cir. 1970); *see also Jones v. Berryhill*, No. 19-cv-01305-REB, 2019 WL 2299854, at *1 (D. Colo. May 30, 2019) (recognizing that the doctrine of derivative jurisdiction applies to removal under § 1442). In other words, if the Elbert County court would not have jurisdiction over Ms. Stratton's claims, neither does this Court.

Sovereign immunity bars creditors from enforcing liens against property owned by the United States. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 264 (1999) (citing *United States v. Ansonia Brass & Copper Co.*, 218 U.S. 452, 471 (1910) and *United*

4

*States ex rel. Hill v. American Surety Co.*, 200 U.S. 197, 203 (1906)). Ms. Stratton has not identified a waiver of sovereign immunity such that the BLM can be sued in state court to foreclose on an agricultural lien related to the care of a horse that indisputably is federal property. Because the Court lacks subject matter jurisdiction over the claim Ms. Stratton purports to assert against the BLM, dismissal of this suit under Rule 12(b)(1) is appropriate.

## RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. #8) be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     May 19, 2022
           Denver, Colorado          N. Reid. Neureiter
                                     United States Magistrate Judge